IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| TIMOTHY MCKIMMY, § § Plaintiff, § § v. § § OPENSEA, § § Defendant. § § | CIVIL ACTION NO. 4:22-CV-00545 |

**DEFENDANT OPENSEA'S MOTION TO CONTINUE INITIAL PRETRIAL AND SCHEDULING CONFERENCE AND ASSOCIATED DEADLINES**

Defendant Ozone Networks, Inc. d/b/a OpenSea ("Defendant" or "OpenSea") files this Motion to Continue the Initial Pretrial and Scheduling Conference ("Conference") and all associated deadlines[1] until such time as the Court has ruled on Defendant's forthcoming Motion to Compel Arbitration ("Motion"). Continuing the Conference will promote judicial efficiency and reduce unnecessary costs if Defendant's Motion is granted and will not prejudice either party if it is not granted.

**I.   FACTUAL AND PROCEDURAL HISTORY**

Plaintiff filed a Complaint against Defendant OpenSea on February 18, 2022, asserting causes of action for Negligence and Breach of Fiduciary Duty, Trust, Contract, and Implied Contract. Compl. ¶¶ 20-26 (ECF No. 1). On February 22, 2022, the Court issued an Order for Conference and Disclosure of Interested Parties ("Order"), setting an initial pretrial and

---

[1] All associated deadlines include the deadline for the parties to engage in a Rule 26(f) conference, the deadline to file a joint discovery and case management plan, the deadline to file a proposed scheduling order, and the deadline for initial disclosures pursuant to Fed. R. Civ. Proc. 26(a). *See* February 22, 2022 Order ¶¶ 3-4.

1

scheduling conference for May 20, 2022, at 9:00 AM. (ECF No. 2). The Order also required the parties to confer and submit a joint discovery/case management plan pursuant to Fed. R. Civ. P. 26(f), along with a proposed scheduling order, at least 10 days prior to the Conference (May 10, 2022). *Id*. On March 1, 2022, Defendant waived service, resulting in a May 2, 2022, deadline to respond to the Complaint. (ECF No. 5).

Defendant sent Plaintiff a letter on April 18, 2022, regarding Plaintiff's agreement to resolve any remaining claims in arbitration pursuant to OpenSea's Terms of Service ("Terms"). Declaration of Molly R. Melcher ("Melcher Decl.") ¶ 2, Ex. 1. Defendant's letter also notified Plaintiff that, in the event he would not voluntarily withdraw his case, Defendant would move to compel this entire dispute to arbitration. *Id*. The parties met and conferred on April 28, 2022 and were unable to resolve the issues underlying Defendant's Motion to Compel Arbitration. *Id*. ¶ 3. During this conference, Plaintiff also voiced his opposition to this Motion to Continue. *Id*.

Defendant intends to proceed with filing the Motion by May 2, 2022, resulting in an opposition deadline of May 23, 2022, and a reply deadline of May 30, 2022. *See* Judge Bennett's Court Procedures and Practices § B(5). For the reasons set forth below, Defendant believes that the Conference and associated deadlines should be continued until Defendant's Motion has been resolved.

**II.    ARGUMENT**

A continuance of the Conference and associated deadlines will promote judicial efficiency and help the parties and the Court avoid the unnecessary resources involved with preparing for and attending the Conference. If Defendant's Motion is successful, this entire dispute will be sent to arbitration, removing jurisdiction from this Court, and mooting the issues to be discussed at, and in preparation for, the Conference. *See, e.g.*, *Ford v. Lehman Bros.*, No.

CIV.A. H-07-2693, 2007 WL 4437165, at *5 (S.D. Tex. Dec. 18, 2007) (granting motion to compel arbitration and dismiss, mooting need for initial conference); *see also Catlin v. Salt Lake City Sch. Dist.*, No. 2:08-CV-362CWPMW, 2009 WL 706882, at *1 (D. Utah Mar. 13, 2009) (granting motion to continue initial conference and finding that "while [a] dispositive motion is pending, it makes little sense for the parties to file an Attorney Planning Meeting Report or attend an initial pretrial conference.").

For example, if the Conference goes forward as scheduled, the parties would be required to provide a detailed discovery plan under Rule 26(f). *See* S.D. Tex. Joint Discovery/Case Management Plan Under Rule 26(f)[2] ("Case Management Plan") ¶¶ 10-13. However, if Defendant's Motion is granted, there will be no need for discovery, and thus no need for a discovery plan. Likewise, under the current schedule, the initial disclosure deadline would occur before Defendant's Motion is fully briefed. *See* Fed. R. Civ. Proc. 26(a)(1)(C). Yet the time and expense of gathering initial disclosures could be entirely avoided if the Court grants Defendant's Motion. As yet another example, the parties are required to "specify the allegation of federal jurisdiction" in their Case Management Plan. *See* Case Management Plan ¶ 4. In the interest of efficiency and to avoid turning this section of the Case Management Plan into a miniature version of the parties' briefing on the Motion, Defendant respectfully asks that the Court rule on the Motion first.

Defendant's Motion is likely to succeed. Mr. McKimmy agreed to OpenSea's Terms, which during the relevant time period always required the parties to resolve all disputes individually in binding arbitration through JAMS. Melcher Decl. Ex. 2 at *14 § 16, *see also* Ex.

---

[2] Found at https://www.txs.uscourts.gov/sites/txs/files/ahb_jdcmp.pdf, pursuant to the Court's Order ¶ 3.

3 at *13 § 15. The arbitration agreement in OpenSea's Terms provides broadly that "*any* dispute, controversy, or claim *relating in any way* to your access or use of the Service, to any products sold or distributed through the Service, or to any aspect of your relationship with OpenSea, *will be resolved by binding arbitration, rather than in court*, including threshold questions of the arbitrability of such dispute, controversy, or claim . . ." *Id*. Ex. 2 at *13 § 16 (emphasis added).

Finally, there is no prejudice to either party from a continuance. This case is still in early stages, a trial date has not been set, and neither party has asked for any other extensions of time.

### III. CONCLUSION

For these reasons, Defendant OpenSea requests that the Court continue the initial pretrial and scheduling conference and associated deadlines until 30 days after the Court's ruling on Defendant's Motion.

Dated: April 28, 2022

Respectfully submitted,

FENWICK & WEST LLP

Of Counsel:
Eric Ball (admitted *pro hac vice*)
Cal. Bar No. 241327
801 California Street
Mountain View, CA 94041
Tel.: (650) 988-8500
Fax: (650) 938-5200
eball@fenwick.com

Molly R. Melcher (admitted *pro hac vice*)
Cal. Bar No. 272950
555 California Street, 12th Floor
San Francisco, CA 94104
Tel.: (415) 875-2300
Fax: (415) 281-1350
mmelcher@fenwick.com

By: */s/ Rodger R. Cole*

Rodger R. Cole (admitted *pro hac vice*)
Cal. Bar No. 178865
801 California Street
Mountain View, CA 94041
Tel.: (650) 988-8500
Fax: (650) 938-5200
rcole@fenwick.com

*Attorney-in-Charge for Defendant OpenSea*

Geoffrey R. Miller
Tex. Bar No. 24094847
S.D. Tex. Bar No. 3365078
902 Broadway, Suite 14
New York, NY 10010
Tel.: (212) 430-2600
Fax: (650) 988-8500
gmiller@fenwick.com

## CERTIFICATE OF CONFERENCE

I hereby certify that, on April 28, 2022, counsel for Defendant OpenSea conferred with Plaintiff's counsel regarding OpenSea's intention to file the foregoing Motion to Continue Initial Pretrial and Scheduling Conference and Associated Deadlines. Counsel cannot agree about the disposition of this motion.

*/s/ Rodger R. Cole*
Rodger R. Cole

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was filed and served electronically through the Court's ECF System on all parties of interest in compliance with Federal Rule of Civil Procedure 5(b) and Local Rule 5.3 on April 28, 2022.

*/s/ Rodger R. Cole*
Rodger R. Cole